UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

In re:                                                    Case No. 1-09-45134-dem

JOSEPH RICHARD VELA,                          Chapter 11

                          Debtor.
-------------------------------------------------------------x

## DECISION AND ORDER ON APPLICATION FOR ORDER TO SHOW CAUSE
## FOR ORDER VALIDATING POST PETITION AUCTION FORECLOSURE SALE

Appearances:

Joseph Richard Vela
Debtor
P. O. Box 721215
Jackson Heights, New York 11372

Richard P. Kirby, Esq..
O'Reilly Marsh & Corteselli, P.C.
Attorneys for Creditor LibertyPointe Bank
1000 Franklin Avenue
Garden City, New York  11530

Steven D. Cohen, Esq.
Richard A. Klass, Esq.
Attorney for Bidder 50th Avenue Inc.
16 Court Street, 29th Floor
Brooklyn, New York 11241

                                      DENNIS E. MILTON
                              United States Bankruptcy Judge

      This matter is before the Court on the application of 50th Avenue Inc., successful bidder (the "Bidder") at a foreclosure auction sale of the debtor's real property held on June 19, 2009. In substance, the Bidder seeks an Order which would ratify the auction sale and the events from February 20, 2009 onward which preceded it. Specifically, the Application requested the issuance of an Order confirming, inter alia, that the state court judge's signing of a Memorandum

Decision on February 20, 2009 was not an act in violation of the automatic stay of Section 362(a)(1) of the Bankruptcy Code and that the automatic stay was not in effect on April 3, 2009 when the Judgement of Foreclosure and Sale was signed and entered in the Supreme Court, Queens County the "Application"). As set forth more fully below and at a hearing held on August 27, 2009, the Application must be denied. The automatic stay was in effect on February 20, 2009, and the state court justice's act of signing and filing a Memorandum Decision granting the motion to confirm the referee's report was a judicial, as opposed to a ministerial, act, which violated the automatic stay. The Judgment of Foreclosure and Sale and the foreclosure auction sale, having occurred pursuant to the Memorandum Decision, are void.

## JURISDICTION

This Court has jurisdiction over this core proceeding under 28 U.S.C. §§1334(b) and 157(b)(2)(C) and the Eastern District of New York standing order of reference dated August 28, 1986. This decision constitutes the Court's findings of fact and conclusions of law to the extent required by Fed. R. Bankr. P. 7052.

## FACTUAL BACKGROUND

This case is the third case in which Joseph Richard Vela (the "debtor") has sought the protection of the bankruptcy court. On or about September 4, 2008, the debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "First Case"). On or about December 16, 2008, the First Case was dismissed on the motion of the United States Trustee. On April 22, 2009, the First Case was closed.

On or about February 5, 2009, the debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code (the "Second Case"). On May 20, 2009, the Second

Case was dismissed on the application of the Chapter 13 case trustee. On May 27, 2009, the Second Case was closed[1].

On or about and between December 17, 2008 and February 5, 2009, the creditor LibertyPointe Bank maintained an action against the debtor entitled "<u>LibertyPointe Bank v. Joseph Vela, at al</u>." in the Supreme Court of the State of New York, County of Queens, bearing Index Number 23685/2007. During the time frame set forth above, LibertyPointe Bank filed a motion in this state court action to confirm the Referee's Report. By Memorandum Decision dated February 20, 2009 – more than two weeks after the debtor had filed the Second Case, the state court justice granted LibertyPointe Bank's motion to confirm the Referee's Report and directed counsel to submit an order.

On April 2, 2009, in furtherance of the Memorandum Decision, LibertyPointe Bank obtained a Judgment of Foreclosure and Sale. On June 19, 2009, pursuant to the Judgment of Foreclosure and Sale, the court appointed referee conducted an auction sale of the debtor's property which was the subject of the foreclosure action. Upon the conclusion of the auction sale, 50th Avenue Inc. was the successful bidder with the highest offer. However, Commonwealth Land Title Company refused to issue title insurance for the property based upon objections relating to the applicability of the automatic stay with regard to the Memorandum Decision and the foreclosure auction sale.

On August 5, 2009, counsel for the Bidder filed the Application. The Bidder sought an Order confirming that the state court justice's signing of the Memorandum Decision was a ministerial act which did not violate the automatic stay and that the automatic stay was not

---

[1] On June 18, 2009, the debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Third Case"). The Third Case is still pending.

in effect when the state court justice signed the Judgment of Foreclosure and Sale. The Bidder next sought an order confirming the automatic stay was not in effect when the foreclosure sale took place on June 19, 2009. In addition, the Bidder sought an Order confirming the automatic stay was not in effect because the debtor had failed to obtain the required credit counseling which Section 109(h)(1) of the Bankruptcy Code required, and thus was not eligible to be a debtor (and enjoy the protection of the automatic stay). In the event the Court still found that the automatic stay was in effect on the dates in question, the Bidder sought an Order annulling the automatic stay in effect during the debtor's Second and Third Cases, <u>nunc</u> <u>pro</u> <u>tunc</u>, and thereafter ratifying all actions which LibertyPointe Bank had taken with respect to the debtor's real property. The Bidder also sought an Order enjoining the state court referee and LibertyPointe Bank from declaring any default against the Bidder.

On August 12, 2009, the debtor filed an Objection to the Order to Show Cause. On August 27, 2009, the Court conducted the hearing on the Order to Show Cause. The debtor was not present at the hearing but arrived at the courthouse later in the day, after the hearing had concluded. At the hearing, counsel for LibertyPointe Bank and the Bidder appeared and argued as set forth above. The Court orally announced its decision and expressed its intention to issue a written decision and order denying the Application. The Court stated that the state court judge's act of signing the Memorandum Decision confirming the referee's report was an act in violation of the automatic stay; that such an act was void; and that the subsequent entry of the judgment of foreclosure and sale and the foreclosure auction sale were unauthorized since they were dependent upon a void act. The Court further stated that the movant had failed to present any compelling evidence which would justify an award of relief from the automatic stay

retroactively.  This Decision and Order follows.

## DISCUSSION

The State Court Memorandum Decision Granting the Motion to Confirm
the Referee's Report Was an Act in Violation of the Automatic Stay.

The automatic stay is among the most basic of debtor protections under bankruptcy law.  Section 362 of the Bankruptcy Code provides that the filing of a bankruptcy petition creates an automatic stay against "the commencement or continuation ... of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case. " 11 U.S.C.§ 362(a)(1).  It is well settled that "any proceeding or actions described in section 362(a)(1) are void and without vitality if they occur after the automatic stay takes effect."  Rexnord Holdings, Inc. v. Biderman, 21 F.3d 522, 527 (2d Cir. 1994), citing 48th Street Steakhouse, Inc. v. Rockefeller Group, Inc. (In re 48th St. Steakhouse Inc.), 835 F.2d 427, 431 (2d Cir. 1987), cert. denied, 485 U.S. 1035, 108 S.Ct. 1596, 99 L.Ed.2d  910 (1988).

On February 5, 2009, the debtor filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code.  Prior to that filing, the creditor LibertyPointe Bank had filed a motion, in the state court foreclosure action which it had commenced against the debtor, to confirm the Referee's Report.  On February 20, 2009, the state court justice granted the motion and signed the Memorandum Decision.  The state court's action in confirming the referee's report and directing counsel to submit order is distinctly judicial, as opposed to ministerial, in character.  There is no evidence presented to the effect that the state court judge decided to grant LibertyPointe Bank's request prior to the date of the bankruptcy filing.  Thus, the state court's action can not fall within the category of a ministerial act, which even though undertaken

subsequent to a bankruptcy filing, does not fall within the proscription of the automatic stay. See Rexnord Holdings, Inc. v. Biderman, 21 F.3d 522, 527-28 (2d Cir. 1994); In re Ostashko, 468 F.3d 99 (2d Cir. 2006); In re Soares, 107 F.3d 969 (1st Cir. 1997) ("A ministerial act is clerical in nature."); Carr v. McGriff, 8 A.D.3d 420, 422, 781 N.Y.S.2d 34 (2d Dept. 2004)("Section 362(a)(1) prohibits the issuance of a decision").

The signing and filing of the Memorandum Decision was an act in violation of the automatic stay and void. See Rexnord Holdings, Inc. v. Biderman, 21 F.3d 522, 527 (2d Cir. 1994); In re Soares, 107 F.3d 969 (1st Cir. 1997); Carr v. McGriff, 8 A.D.3d 420, 422, 781 N.Y.S.2d 34 (2d Dept. 2004). Since the Memorandum Decision confirming the Referee's Report formed the basis for the issuance of the state court Judgment of Foreclosure and Sale and the auction foreclosure sale, these acts were void as well.

LibertyPointe Bank was not without recourse in this matter. The record reflects that LibertyPointe Bank was served with notice of the debtor's petition filing on or about February 7, 2009. LibertyPointe Bank had the affirmative obligation to stop the judicial action or to vacate the judgment. LibertyPointe Bank failed to notify the state court of the pendency of the bankruptcy proceeding or to seek relief from the automatic stay. It was the creditor's obligation, as plaintiff in the state court action against the debtor, to inform the state court of the debtor's bankruptcy filing. See In re Soares, 107 F.3d 969, 978 (1st Cir. 1997); In re Braught, 307 B.R. 399, 403 (Bankr. S.D.N.Y. 2004). Having failed to take any of these steps, including having failed to seek relief from the automatic stay, before taking any post petition collection activity, LibertyPointe Bank acted in violation of the automatic stay in continuing the state court foreclosure action against the debtor and in conducting the foreclosure auction sale of the

debtor's real property. In so doing, LibertyPointe Bank has also failed to present any compelling facts which would warrant the award of retroactive stay relief.

## CONCLUSION

The state court judge's act of signing the Memorandum Decision confirming the referee's report was an act in violation of the automatic stay. The subsequent entry of the judgment of foreclosure and sale and the foreclosure auction sale were unauthorized since they were dependent upon a void act. The movant has failed to present any compelling evidence which would justify an award of relief from the automatic stay on a retroactive basis.

IT IS SO ORDERED.

Dated: Brooklyn, New York
September 3, 2009

s/ Dennis E. Milton
DENNIS E. MILTON
United States Bankruptcy Judge